## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CHRISTINA SLADE                          *
                                         *
                                         *
v.                                       *        Civil No. – JFM-15-80
                                         *
GARDAWORLD CASH SERVICES                 *
                                    ******

### MEMORANDUM

Plaintiff has filed this action alleging that she was wrongfully discharged in violation of public policy. Defendant has filed a motion to dismiss. The motion will be granted.

Defendant employed plaintiff as a corporate security investigator. While performing an audit at Bank of America, plaintiff learned that another employee of Bank of America signed the name of a Bank of America auditor on a document because the auditor had already left for the day and no one could leave until the document was signed. Plaintiff alleges that the act of signing the document constituted "forgery," and she contacted the recipient of the document, who asked the individual who had signed the document to re-send it with a notation indicating that the Bank of America auditor had left for the day.

Shortly thereafter, plaintiff, while working on another matter in Baltimore, discovered that defendant was paying out claims from 2013 and charging the branches' profit and loss in 2014. This resulted in the branches' profits for 2013 appearing higher, and it losses in 2014 appearing greater than they actually were. Plaintiff sent an email reporting her findings to the branch managers and upper-level managers.

Plaintiff's employment was terminated as a consequence of an investigation into her conduct at the Bank of America location.

1

Plaintiff was never asked by defendant to make any report to a third-party. All of her own complaints were strictly internal. This alone is fatal to her claim under Maryland law. *See Wholey v. Sears Roebuck*, 803 A.2d 482, 496 (Md. 2002).

It is not at all clear that any public policy was violated. The signature on the email was placed for the purpose of allowing employees to go home and it was well publicized. It is doubtful that any responsible prosecutor would bring a forgery charge under such circumstances. As to the second incident, without more information than is provided in the complaint, it is not clear that the reporting of the claims that were paid out was inappropriate. This turns upon the accounting system that was being employed, and the complaint is silent on that point.

A separate order granting defendant's motion is being entered herewith.

Date: 7/31//5

J. Frederick Motz
United States District Judge

2